UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| FAIZ A. JAHANI, an individual; and KHADIJA JAHANI, an individual,<br><br>    Plaintiffs,<br><br>  v.<br><br>JPMORGAN CHASE BANK, N.A; QUALITY LOAN SERVICE CORPORATION,<br><br>    Defendants.<br>_____/ | NO. CIV. 2:11-577 WBS JFM<br><br>ORDER OF REMAND |

----oo0oo----

        Plaintiffs Faiz A. Jahani and Khadija Jahani filed this action in the Sacramento County Superior Court on February 1, 2011, against defendants JPMorgan Chase Bank, N.A., as successor in interest to, and d/b/a, Washington Mutual Bank, FA, and d/b/a Chase Home Finance, LLC ("JPMorgan Chase"); Federal Home Loan Mortgage Corporation ("Freddie Mac"); Quality Loan Service Corporation ("Quality Loan"); Jeffery Scott Strachan; and Rudolfo Tan Omega.  Plaintiffs alleged nine state law claims arising from

1

1  a residential loan: (1) fraud, (2) civil conspiracy, (3)
2  negligence, (4) breach of fiduciary duty, (5) violations of
3  California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof.
4  Code §§ 17200-17210, (6) violation of California Civil Code
5  section 2923.5, (7) breach of oral contract, (8) breach of
6  implied covenant of good faith and fair dealing, and (9)
7  declaratory and injunctive relief.
8       On March 2, 2011, Freddie Mac removed the action to
9  this court pursuant to 28 U.S.C. §§ 1331, 1442, and 12 U.S.C. §
10 1452(f).  See 28 U.S.C. § 1331 (federal courts have original
11 jurisdiction over civil actions arising under federal law); 28
12 U.S.C. § 1442(a) (agencies of the United States may remove
13 actions against them); 12 U.S.C. § 1452(f) (deeming Freddie Mac a
14 federal agency and all actions involving Freddie Mac as arising
15 under federal law, and providing that Freddie Mac may remove
16 action from state court).
17      Plaintiffs filed their First Amended Complaint ("FAC")
18 on April 25, 2011, removing all claims against defendants Freddie
19 Mac, Jeffery Scott Strachan, and Rudolfo Tan Omega.  (Docket No.
20 5.)  Plaintiffs' FAC retained only state law claims against
21 remaining defendants JPMorgan Chase and Quality Loan.  Because
22 Freddie Mac is no longer a defendant and because jurisdiction was
23 based solely on Freddie Mac being a party to the action, no
24 ground for original jurisdiction over the case remains.  See
25 Sabater v. Lead Indus. Ass'n, No. 00 CIV. 8026, 2001 WL 1111505,
26 at *6-7 (S.D.N.Y. Sept. 21, 2001) (declining to exercise
27 supplemental jurisdiction following dismissal of Freddie Mac).
28 The court must now determine whether to exercise supplemental

2

1 jurisdiction over the remaining state law claims.

2         A district court "may decline to exercise supplemental jurisdiction . . . [if] the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c); see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 n.3 (9th Cir. 1997) (en banc) (explaining that a district court may decide sua sponte to decline to exercise supplemental jurisdiction).  The court's decision is informed by the values of judicial economy, fairness, comity, and convenience.  Acri, 114 F.3d at 1001.  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

15         The court finds no reason that this is not such a usual case.  The sole basis for federal jurisdiction was disposed of well in advance of trial and retaining jurisdiction over the state law claims would not affect judicial economy.  Comity and fairness concerns also weigh in favor of remanding the action to state court: all remaining claims arise under California law, the state court is competent to hear the case and would provide an equally fair forum, and the state court may have a better understanding of state law.  Finally, the state and federal fora are equally convenient for the parties.  Accordingly, the court will decline to exercise supplemental jurisdiction over the remaining claims and will remand this action to state court.

27         IT IS THEREFORE ORDERED that the entire action be, and the same hereby is, REMANDED to the Superior Court of the State

of California, in and for the County of Sacramento.

       IT IS FURTHER ORDERED that all dates pending before this court are hereby VACATED.

DATED:  July 7, 2011

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE